IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN A. EVANS, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action No. 16- 7969 (JBS-AMD) |
| CAMDEN COUNTY JAIL, | |
| Defendant. | **OPINION** |

APPEARANCES:

John A. Evans, Plaintiff Pro Se
2403 12th Street
Camden, New Jersey 08104

**SIMANDLE, Chief District Judge:**

## I.    INTRODUCTION

Plaintiff John A. Evans seeks to bring a civil rights complaint pursuant to the 42 U.S.C. § 1983 against the Camden County Jail ("CCJ"). Complaint, Docket Entry 1. Based on Plaintiff's affidavit of indigency, the Court will grant his application to proceed *in forma pauperis*.

At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court will dismiss the

complaint with prejudice for failure to state a claim. 28 U.S.C.
§ 1915(e)(2)(b)(ii).

## II.  BACKGROUND

Plaintiff alleges that between August and November 2001, he
was detained in the CCJ. Complaint § III. The factual portion of
the complaint states in its entirety: "I John A. Evans was place
in a jail cell at Camden D.O.C. with two other inmates for a 120
day sentence and was told to put my mattress by the door." *Id.*

## III. STANDARD OF REVIEW

Section 1915(e)(2) requires a court to review complaints
prior to service in cases in which a plaintiff is proceeding *in
forma pauperis*. The Court must *sua sponte* dismiss any claim that
is frivolous, is malicious, fails to state a claim upon which
relief may be granted, or seeks monetary relief from a defendant
who is immune from such relief. This action is subject to *sua
sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B)
because Plaintiff is proceeding *in forma pauperis*.

To survive sua sponte screening for failure to state a
claim, the complaint must allege "sufficient factual matter" to
show that the claim is facially plausible. *Fowler v. UPMS
Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).
"A claim has facial plausibility when the plaintiff pleads
factual content that allows the court to draw the reasonable
inference that the defendant is liable for the misconduct

alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308

n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A]

pleading that offers 'labels or conclusions' or 'a formulaic

recitation of the elements of a cause of action will not do.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

**IV. DISCUSSION**

Plaintiff seeks monetary damages from CCJ for allegedly

unconstitutional conditions of confinement. Primarily, the

complaint must be dismissed as the CCJ is not a "state actor"

within the meaning of § 1983. *See, e.g., Grabow v. Southern*

*State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989)

(correctional facility is not a "person" under § 1983).

Accordingly, the claims against CCJ must be dismissed with

prejudice.

Generally, "plaintiffs who file complaints subject to

dismissal under [§ 1915] should receive leave to amend unless

amendment would be inequitable or futile." *Grayson v. Mayview*

*State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). This Court denies

leave to amend at this time as Plaintiff's complaint is barred

by the statute of limitations, which is governed by New Jersey's

two-year limitations period for personal injury.[1] *See Wilson v.*

---

[1] "Although the running of the statute of limitations is
ordinarily an affirmative defense, where that defense is obvious

3

*Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). The accrual date of a § 1983 action is determined by federal law, however. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014).

"Under federal law, a cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based." *Montanez*, 773 F.3d at 480 (internal quotation marks omitted). Plaintiff states he was detained at CCJ between August and November 2001. The allegedly unconstitutional conditions of confinement at CCJ would have been immediately apparent to Plaintiff at the time of his detention; therefore, the statute of limitations for Plaintiff's claims expired November 2003 at the latest. As there are no grounds for equitable tolling of the statute of limitations,[2] the complaint will be dismissed with prejudice. *Ostuni v. Wa Wa's Mart*, 532 F.

---

from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint sua sponte under § 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 111–12 (3d Cir. 2013) (per curiam).

[2] Equitable tolling "is only appropriate '(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.'" *Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014) (quoting *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009)).

App'x 110, 112 (3d Cir. 2013) (per curiam) (affirming dismissal with prejudice due to expiration of statute of limitations).

## V.   CONCLUSION

For the reasons stated above, the complaint is dismissed with prejudice for failure to state a claim. An appropriate order follows.


**February 17, 2017**                        **s/ Jerome B. Simandle**
Date                                         JEROME B. SIMANDLE
                                             Chief U.S. District Judge